PATRICK BARRY, in his official capacity as Bishop of the Diocese of St. Augustine, v. A. G. WILLARD, R. B. HUF-FAKER, and M. H. EDWARDS, doing business as Huffaker & Edwards, Attorneys at Law, and J. A. JOHNSON, Sheriff of Polk County, Florida.

154 So. 843.
(See 113 Fla. 402, 152 So. 411.)
Order Entered May 3, 1934.

*J. U. Bethell, S. Henry Harris* and *J. E. Kennedy,* for Appellant;

*Huffaker & Edwards,* for Appellees.

PER CURIAM.—Upon application of appellant for a constitutional writ under Section 5 of Article V of the Constitution in the nature of an injunction in this Court in aid of and pending an appeal from an order denying injunctive relief in the court below seeking to restrain the Sheriff of Polk County, Florida, from selling on May 7th, 1934, certain property levied upon and advertised for sale under an execution issued against the appellant, due notice of said application having been given appellees who have appeared in resistance of the motion, it is ordered that upon the express condition that appellant shall immediately pay all legally assessable costs and expenses incurred in and about the making of said levy and the advertising of said sale sought

to be enjoined, computed up to the date of sale, and will thereafter on or before June 4, 1934, well and truly pay to the Sheriff of Polk County, Florida, for the benefit of appellee A. G. Willard, to be credited on his judgment, and execution *pro tanto* and paid over to the judgment creditor pending this appeal, the sum of $1,179.00 attorney's fees and all accrued court costs that have been duly taxed in the common-law suit of A. G. Willard v. Rt. Rev. Patrick Barry, Bishop of the Diocese of St. Augustine, in which suit appellee, A. G. Willard's judgment was rendered as aforesaid, then the relief moved for on this application will stand granted as prayed, an appropriate writ to that effect to be issued by the Clerk of this Court. It is further ordered that upon the payment of the legally assessable costs and expenses of sale as heretofore provided, on or before the sale time on May 7, 1934, the appellees shall stand enjoined and restrained from proceeding with said sale on that date or at all, subject to the compliance of appellant with the other condition of this order on or before the following June 4th, 1934, which compliance shall be a condition precedent to the continuance of this constitutional restraining order in effect after that date.

DAVIS, C. J., and WHITFIELD, BROWN and BUFORD, J. J., concur.